UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ERIK B. CHERDAK,                              )
                                             )
                    Plaintiff,               )
        v.                                   )        No. 1:21cv00141-PWG
                                             )
JUDGE LIAM O'GRADY,                          )
                                             )
                    Defendant.               )
_____)

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

Defendant United States District Judge Liam O'Grady, in his individual capacity, by

counsel, submits this Memorandum in Support of his Motion to Dismiss Plaintiff Eric B.

Cherdak's Complaint (ECF No. 1) under Federal Rule of Civil Procedure 12(b)(6).

**INTRODUCTION**

Plaintiff Eric B. Cherdak alleges that United States District Judge Liam O'Grady violated

Cherdak's due process and equal protection rights while presiding over *Fitistics, LLC v.

Cherdak*, No. 1:16cv112 (E.D. Va.), where Cherdak was a party. Cherdak alleges that Judge

O'Grady engaged in various ex parte communications with another lawyer and ignored certain

evidence. Cherdak asserts two claims: for an injunction recusing and disqualifying Judge

O'Grady from any proceedings involving Cherdak and for damages.

Cherdak's Complaint should be dismissed because Judge O'Grady is entitled to absolute

judicial immunity from Cherdak's claims. Both requirements for judicial immunity are present

here. *First*, Judge O'Grady had jurisdiction over the subject matter before him when he took the

challenged actions: he was presiding over a federal civil case. *Second*, each of the challenged

1

actions were judicial acts: they were done in adjudicating motions by Cherdak and other litigants in *Fitistics* and are thus both functions that are normally performed by a judge and actions for which the parties dealt with Judge O'Grady in his judicial capacity. That judicial immunity extends to Cherdak's allegations of ex parte communications. Cherdak's Complaint should be dismissed.

## BACKGROUND

### I.      *Fitistics, LLC v. Cherdak*

Cherdak's Complaint asserts that Judge O'Grady violated Cherdak's "rights of due process and equal protection under law," Compl. (ECF No. 1) at ¶¶ 6, 10, based on allegations about Judge O'Grady's actions in presiding over *Fitistics, LLC v. Cherdak*, No. 1:16cv112 (E.D. Va.). Some background on *Fitistics* is therefore helpful.

In *Fitistics*, Judge O'Grady ruled against Cherdak on all claims and counterclaims and entered judgment against Cherdak for over $1 million. *Fitistics, LLC v. Cherdak*, No. 1:16-CV-112, 2018 WL 4059375, at *9-10 (E.D. Va. Aug. 23, 2018); *Fitistics* ECF Nos. 351.[1] After the adverse judgment and before Cherdak's appeal, Cherdak filed five motions to vacate, *Fitistics* ECF Nos. 392, 407, 431, 453, 456, and one motion for Judge O'Grady's recusal, *id*. ECF No. 425. Cherdak appealed the judgment and the court's denial of various post-judgment motions, and the Fourth Circuit affirmed. *Fitistics, LLC v. Cherdak*, 785 F. App'x 116, 117 (4th Cir. 2019). Since then, Cherdak has filed three additional motions to vacate, *Fitistics* ECF Nos. 476, 523, 536, and two more motions for recusal, *id*. ECF Nos. 507, 540.

---

[1] *Cherdak v. McKirdy*, No. CV TDC-19-1246, 2020 WL 4286829, at *2–3 (D. Md. July 27, 2020), sets forth a summary of *Fitistics*.

Cherdak recently appealed to the Fourth Circuit the denials of one of those motions to vacate and related motion for reconsideration. *See Fitistics, LLC, et al. v. Cherdak*, No. 20-2070 (4th Cir.). That appeal addressed the same allegations as in this case. *Cherdak* No. 20-2070, Informal Opening Br. (ECF No. 13) at 4-11; *see also Fitistics* ECF No. 482 (notice of appeal as to ECF No. 479 (Order on Motion to Vacate), ECF No. 481 (Order on Motion for Reconsideration as to Order Denying Motion for Relief From Judgment and For an Evidentiary Hearing Before a Different Judge of this Court)). The Fourth Circuit initially dismissed Cherdak's appeal for failure to pay fees, *Cherdak* No. 20-2070, ECF No. 17, reopened the case on Cherdak's motion—filed after the commencement of this case—*id*. ECF No. 20, issued Cherdak a notice for failure to pay case fees, *id*. ECF No. 22, and ultimately dismissed the appeal for failure to prosecute, *id*. ECF No. 23.

Cherdak has also appealed Judge O'Grady's denials of later motions to vacate and to recuse. *See Fitistics* ECF No. 547 (notice of appeal as to ECF No. 544 (Order on Motions to Vacate and Motions to Recuse)); *see In re: Cherdak*, No. 21-4187 (4th Cir.). He has also filed a petition for a writ of mandamus, *see In re: Cherdak*, No. 21-4187 (4th Cir.).

## II.    Cherdak's allegations of ex parte communications in *Fitistics*

Cherdak alleges that Judge O'Grady engaged in certain ex parte communications with an attorney, Bernard Grimm. Compl. ¶ 6. Attorney Grimm was Cherdak's counsel in *Fitistics* from May 2017 to August 2017, *Fitistics* ECF Nos. 169, 180, before Judge O'Grady was assigned in January 2018 to preside over *Fitistics*, *id*.[2]

---

[2] Although not necessary for the Court's review of the motion to dismiss, attorney Grimm has represented to the court that he "has not had any contact with [Judge O'Grady], . . . nor has [Judge O'Grady] had any contact with [attorney Grimm]." *Fitistics* ECF No. 506 at 5. Judge O'Grady stated in an Order denying Cherdak's motion to vacate that "[Judge O'Grady] does not know [attorney] Grimm and has no recollection of having communicated with him." *Fitistics* *Footnote continued*

### A.    Attorney Grimm's statements regarding an alleged affidavit

Cherdak claims that in presiding over *Fitistics* Judge O'Grady engaged in "ex parte communications concerning the creation of evidence and an affidavit . . . concerning his biased views toward Plaintiff and his credibility." Compl. ¶ 6. That allegation refers to attorney Bernard Grimm's "written representation of the making out of an affidavit by Judge O'Grady to be used by Attorney Grimm to pursue claims and criminal charges against" Cherdak. *Id*. ¶ 6. ECF No. 272. Attorney Grimm and Cherdak appear to have had a dispute over legal fees. *Fitistics* ECF No. 490-1; Compl. ¶ 6 (citing *id*.).[3]

For his creation-of-evidence-and-an-affidavit allegation, Cherdak relies on allegations regarding four[4] documents: **(1)** a purported November 2019 text message to Cherdak from attorney Grimm stating that he "obtained Judge [] O'Grady's comments about [Cherdak's] credibility" for a bar ethics committee complaint, *Fitistics* ECF No. 477-1 at 2; Compl. ¶ 6 (citing *id*.); **(2)** a December 17, 2019 email in which attorney Grimm states that he "went through the Head of the Clerk's Office to get an affidavit not only [from Judge] O'Grady, but past lawyers [Cherdak] ha[s] failed to pay," *Fitistics* ECF No. 490-1; Compl. ¶ 6 (citing *id*.); **(3)** a December 20, 2019 email in which attorney Grimm states that he would "send it [according to Cherdak's complaint, the alleged affidavit from Judge O'Grady] to the Virginia Bar . . . along

---

ECF No. 479 at 1; *Ainsworth v. PNC Bank, NA*, No. 2:19CV492, 2021 WL 837340, at *4 (E.D. Va. Jan. 27, 2021) (quoting *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)) ("In ruling on a Rule 12(b)(6) motion . . . the court 'may properly take judicial notice of matters of public record.'").

[3] "[A] court may consider public records referenced in a complaint without converting a motion to dismiss into a motion for summary judgment." *Charnock v. Virginia*, No. 2:16CV493, 2017 WL 5574987, at *1 (E.D. Va. Jan. 5, 2017), aff'd sub nom. Charnock v. Commonwealth, 698 F. App'x 158 (4th Cir. 2017) (citing *Cain v. Virginia*, 982 F. Supp. 1132, 1133 n.2 (E.D. Va. 1997)).

[4] Cherdak also references a document at *Fitistics* ECF No. 502, *see* Compl. ¶ 6 (citing *id*.), but that document does not appear to contain any exhibit or the quoted text (which does not refence Judge O'Grady in any event).

with Judge O'Grady's comments," *Fitistics* ECF No. 491 at Ex. B; Compl. ¶ 6 (citing *id.*); and

**(4)** a purported August 2020 text message to Cherdak from attorney Grimm stating that "[i]t was

difficult but Judge O'Grady is willing to write a letter and cooperate with the criminal

investigation," *Fitistics* ECF No. 477-1 at 1; Compl. ¶ 6 (citing *id.*).

Cherdak alleges only that attorney Grimm has made "written representations of the

making out of an affidavit" and that attorney Grimm stated Judge O'Grady would write a letter

and cooperate with a criminal investigation. Compl. ¶ 6. Cherdak does not allege that Judge

O'Grady actually provided the alleged affidavit or letter or even if so that either was provided to

anyone. *See generally* Compl.

> **B.      Judge O'Grady's judicial assistant alleged "substantive" help with Grimm's motion to appear as an amicus**

Cherdak alleges that Judge O'Grady "permitted [attorney Grimm] to get away with

additional ex parte communications with" Judge O'Grady's chambers "in relation to

substantively helping Attorney Grimm prepare substantive motions and corresponding proposed

court orders." Compl. ¶ 6. That allegation refers to a January 2021 email from attorney Grimm to

Judge O'Grady's judicial assistant, Ms. Wood, regarding the filing of attorney Grimm's motion

to appear, and a proposed order, as amicus curie in *Fitistics*. *Fitistics* ECF No. 570-1 at 1;

Compl. ¶ 6 (citing *id.*). Though Cherdak characterizes this as showing attorney Grimm sought

"substantive review of the entirety of" the motion and order. Compl. ¶ 6 & 10 n.5, the email from

attorney Grimm states that Ms. Wood had "suggested to just change the title to the motion to

admit and the motion itself," that attorney Grimm was unable to find any staff to file the motion,

and that he "kn[e]w fully it's not [Ms. Wood's] job to file counsel's motions, so if I'm wrong or

I screwed up the motion please let me know," and that Ms. Wood "ha[]d been walking" attorney

Grimm "through this." *Fitistics* ECF No. 507-1 at 1; Compl. ¶ 6 (citing *id.*).

### C.     Judge O'Grady's alleged "ignoring" of alleged text messages sent by attorney Grimm to Cherdak

Cherdak alleges that Judge O'Grady "ignored . . . evidence" of his alleged misconduct and "de facto admitted to his failure to review and . . . consider [that] evidence," Compl. ¶ ¶ 7, and that Judge O'Grady "shirked his responsibilities to review" that evidence, *id*. ¶ 8. That allegation refers to the two purported text messages from attorney Grimm to Cherdak that Cherdak submitted in support of one of his motions to vacate and discussed above. *Fitistics* ECF No. 477-1; Compl. ¶ 7 (citing *id*.). For his ignored-evidence allegation, Cherdak cites to Judge O'Grady's statement, in the Order denying the relevant motion to vacate, that "the text message is not included [with the motion] but is described my Mr. Cherdak." *Fitistics* ECF No. 479 at 1 Compl. ¶ 7 (citing *id*.). Cherdak alleges that "[h]ad Judge O'Grady simply examined the docket, he would have seen that Mr. Cherdak did in fact file Attorney Grimm's authored and sent text messages," citing *Fitistics* ECF No. 477-1, and stating that they were "originally sent and received as Apple iMessages." Compl. ¶ 7.

### III.    Cherdak's Claims and Requests for Relief

Cherdak's Complaint asserts that Judge O'Grady violated Cherdak's "rights of due process and equal protection under law," Compl. at ¶¶ 6, 10, and asserts two claims: for injunctive relief, seeking an injunction "recus[ing] and disquali[fying]" Judge O'Grady "from further presiding over any proceedings involving" Cherdak, *id*. ¶ 17; and for damages of over $3 million, *id*. ¶ 26.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6),[5] a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint's legal claims must be supported by factual allegations that "raise a right to relief above the speculative level." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully." *Id*. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## ARGUMENT

### I.   Judge O'Grady is entitled to absolute judicial immunity from Cherdak's claim for damages

Cherdak's Complaint should be dismissed because Judge O'Grady is entitled to absolute immunity from Cherdak's claims. "Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims." *In re Mills*, 287 F. App'x 273, 279 (4th Cir. 2008) (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11.

---

[5] As set forth below, Cherdak's Complaint should be dismissed under the doctrine of absolute judicial immunity, and courts analyze judicial immunity under Rule 12(b)(6). *See, e.g.*, *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) ([T]he complaint against Magistrate Myers was dismissed . . . under Federal Rule of Civil Procedure 12(b)(6)."); *Stephens v. Herring*, 827 F. Supp. 359, 361 (E.D. Va. 1993) ("[T]he court dismisses plaintiff's complaint under [Rule] 12(b)(6).").

Judicial immunity exists "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (quotation marks and citation omitted).

This absolute judicial immunity can be overcome only in two instances. *First*, when the judge's actions were "taken in the clear absence of all jurisdiction." *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992). A judge acted in his jurisdiction if "'at the time [the judge] took the challenged action he had jurisdiction over the subject matter before him,' and, in answering that question, 'the scope of the judge's jurisdiction must be construed broadly.'" *Id*. at 357 (quoting *Stump v. Starkman*, 435 U.S. 349, 356 (1978)). *Second*, when the judge's action was a non-judicial act. *King*, 973 F.2d at 357. A non-judicial act is one outside of "the function . . . normally performed by a judge" and where the parties did not "deal[] with the judge in his or her judicial capacity." *Id*.

Both requirements for judicial immunity are present here. *First*, Judge O'Grady had "jurisdiction over the subject matter before him," *King*, 973 F.2d at 357, when he took the challenged actions: he was presiding over a federal civil case pending and assigned to him in the U.S. District Court where he is a U.S. District Judge. *Second*, each of the challenged actions were "judicial acts." *Id*. They were done in adjudicating motions by Cherdak and other litigants in *Fitistics*—including Cherdak's motions to vacate and to recuse—and are thus both functions that are "normally performed by a judge" and actions for which "the parties dealt with" Judge O'Grady in his "judicial capacity." *Id*. "Any acts of" Judge O'Grady that Cherdak challenges "were taken in connection with resolving [Cherdak's] claims" and are therefore judicial acts. *Dickson v. United States*, No. 2:13cv254, 2014 WL 12539408, at *1 (E.D. Va. June 10, 2014), aff'd, 588 F. App'x 283 (4th Cir. 2014).

It does not defeat judicial immunity that Judge O'Grady's actions allegedly involved improper "ex parte communications concerning the creation of evidence and an affidavit," Compl. ¶ 6, "substantively helping" to "prepare substantive motions" and "proposed court orders," *id*., or "negative bias and extreme antagonism" toward Cherdak, *id*. ¶ 8. This is because "[a] judge will not be deprived of immunity because the action . . . was in error, was done maliciously, or was in excess of his authority," *Stump v. Starkman*, 435 U.S. 349, 356-57 (1978), and "judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial," *Mireles*, 502 U.S. at 11.

Judicial immunity thus applies even when judges: allegedly engaged in improper "ex parte communications or other irregular procedures," *Scott v. Morgan*, No. CIV.A. 2:00CV895, 2001 WL 34042611, at *5 (E.D. Va. May 24, 2001), aff'd, 20 F. App'x 196 (4th Cir. 2001) ("[T]he Supreme Court has made clear that the presence of ex parte communications or other irregular procedures cannot serve to strip a judge of immunity.") (citing *Forrester v. White*, 484 U.S. 219, 227 (1988)); allegedly acted with "malice or corruption of motive," *Forrester v. White*, 484 U.S. 219, 227 (1988) (stating that a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); allegedly engaged in a "conspiracy between a judge" and opposing counsel "to predetermine the outcome of a judicial proceeding," *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ("We therefore hold that a conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors. As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies."); and allegedly engaged in "a corrupt conspiracy involving

bribery of the judge," *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("But here the allegations were that an official act of the defendant judge [and injunction] was the product of a corrupt conspiracy involving bribery of the judge. . . . it is of no consequence in this respect that the judge himself is immune from damages liability").

Judge O'Grady's alleged acts were taken within his jurisdiction and were judicial acts— acts taken in connection with resolving Cherdak's claims in *Fitistics*. Judge O'Grady is therefore entitled to absolute judicial immunity, and Cherdak's claims should be dismissed.[6]

## II. Judge O'Grady is entitled to absolute judicial immunity from Cherdak's claim for injunctive relief

Judicial immunity also bars Cherdak's injunction claim. At the outset, Cherdak cannot sue Judge O'Grady in his individual capacity for a claim seeking equitable relief. *See, e.g.*, *Alvarez v. Stewart*, No. CIV. A. RWT-14-1044, 2015 WL 1402429, at *6 (D. Md. Mar. 25, 2015) ("The Fourth Circuit has ruled that a government official cannot be sued in his or her individual capacity in an action for equitable relief.") (citing *Kirby v. City of Elizabeth*, 388 F.3d 440, 452  n.10 (4th Cir. 2004)).

In any event, "federal judges enjoy absolute immunity from *Bivens*[7] actions seeking

---

[6] Nor would it defeat judicial immunity even if Cherdak's Complaint were read to plead (unspecified) state law tort claims. Compl. at ¶¶ 6, 10. Judicial immunity bars claims based on state law torts. *Dickson*, 2014 WL 12539408, at *1 ("Even were this Court to assume that the Judge and Clerk were 'grossly negligent' as Plaintiff contends, relief could not be granted to Plaintiff in any event because judges are absolutely immune from suits for monetary damages for judicial acts . . . Therefore, even were the Court to assume that the Judge and Clerk should be considered employees of the United States, the Court could not hold these actors liable for any state law torts, precluding relief under the Federal Tort Claims Act.").

[7] Although Cherdak in his Complaint does not label his claims as *Bivens* claims, he alleges violations of due process and equal protection and thus his claims are against a federal official in his individual capacity for the alleged violation of federal constitutional rights and may lie if at all under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g.*, *Hampton v. Fed. Corr. Complex Petersburg*, No. 1:15CV318 (CMH/TCB), 2015 WL 13446288, at *2 (E.D. Va. Dec. 17, 2015) ("[I]n *Bivens v. Six Unknown Named Agents*

*Footnote continued*

declaratory and injunctive relief." *Stephens v. Herring*, 827 F. Supp. 359, 365 (E.D. Va. 1993),

aff'd, 69 F.3d 533 (4th Cir. 1995); *Matthews v. O'Grady*, No. 115CV1162LMBTCB, 2016 WL

438972, at *3 (E.D. Va. Feb. 2, 2016), aff'd, 651 F. App'x 188 (4th Cir. 2016) ("Judge O'Grady

is absolutely immune from liability for injunctive relief sought in a Bivens action."); *Hill v.

Traxler*, No. 2:15CV137, 2015 WL 11112054, at *2 (E.D. Va. May 11, 2015) ("[A] plaintiff

may not seek declaratory and injunctive relief under Bivens against a federal judge."); *see also

Bolin v. Story*, 225 F.3d 1234, 1239-42 (11th Cir. 2000) ("Plaintiffs also challenge the district

court's grant of absolute immunity from plaintiffs' claims of injunctive relief to the defendant

judges. . . . [W]e find the stronger argument favors the grant of absolute immunity to the

defendant federal judges in this case. Thus we affirm the district court's dismissal of the claims

against the defendant judges."); *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385,

1394 (9th Cir. 1987) ("The judicial . . . immunity available to federal officers is not limited to

immunity from damages, but extends to actions for declaratory, injunctive and other equitable

relief.").[8] If injunctive relief were available, "a federal court litigant could circumvent the

limitations on direct appeal, including interlocutory appeal, and for extraordinary writs. To allow

---

*of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court established a cause of
action under the Constitution against federal officials in their individual capacities for the
violation of federal constitutional rights.") (citations omitted); *see also Tapia-Tapia v. Potter*,
322 F.3d 742, 745-46 (1st Cir. 2003) (in the absence of specific statutory authority, a
constitutional cause of action may only lie under *Bivens*). Judge O'Grady does not concede
that—and, because the Complaint should be dismissed as barred by judicial immunity, the Court
in ruling on the motion to dismiss need not address whether—a *Bivens* remedy is available. *See,
e.g.*, *Tun-Cos v. Perrotte*, 922 F.3d 514, 520-23 (4th Cir. 2019), cert. denied, 140 S. Ct. 2565,
206 L. Ed. 2d 496 (2020).

[8] Some courts have stated that "[j]udicial immunity does not . . . extend to claims for equitable
relief." *See, e.g.*, *Edokobi v. Grimm*, No. GJH-19-905, 2020 WL 1063064, at *9 (D. Md. Mar. 4,
2020). This Court should not follow those cases for the reasons set forth in *Stephens*, *Matthews*,
*Bolin*, and *Mullis*. *See, e.g.*, *Matthews*, 2016 WL 438972, at *3 ("[M]ost federal courts which
have addressed the question have determined that federal judges maintain absolute judicial
immunity in *Bivens* actions even for equitable relief.") (citing cases).

a district court to grant injunctive relief against" another "district court . . . would be to permit, in effect, a 'horizontal appeal' from one district court to another . . .. Such collateral attacks on the judgments, orders, decrees or decisions of federal courts are improper." *Mullis*, 828 F.2d at 1392–93; *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 20 (D.D.C. 2014), aff'd, No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015) ("To the extent Plaintiff seeks declaratory and injunctive relief, this is not the appropriate avenue to seek such relief. This Court is not a reviewing court and cannot compel other Article III judges in this or other districts or circuits to act.") (internal quotation marks, citation, and alteration omitted). Cherdak's claim for injunctive relief thus should be dismissed.

Dismissing Cherdak's Complaint would not leave him with without a remedy for any allegedly improper order issued by Judge O'Grady, as this Court has already held in denying Cherdak's motion for a preliminary injunction. *See* Apr. 12, 2021 Order (ECF No. 26) at 6-8. Cherdak "may appeal any rulings, or actions taken" in *Fitistics* "not only to th[e Fourth Circuit] but also to the Supreme Court." *Bolin*, 225 F.3d at 1243. He also "may seek an extraordinary writ such as a writ of mandamus in either th[e Fourth Circuit] or the Supreme Court," *id.*, including a denial of a motion to recuse, *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) ("A district judge's refusal to disqualify himself can be reviewed in this circuit by way of a petition for a writ of mandamus.") (citation omitted). Indeed, Cherdak had an appeal addressing the same allegations as here, which he abandoned, No. 20-2070 (4th Cir.),Opening Br. (ECF No. 13) at 4-11, has appealed Judge O'Grady's most recent order denying his motions to vacate and recuse, and has filed a writ of mandamus, *see Fitistics* ECF No. 547 (Notice of Appeal); *In re:  Cherdak*, No. 21-4187 (4th Cir.). Cherdak has—and is already pursuing—avenues for relief. This lawsuit is not one of them, and it should be dismissed.

**CONCLUSION**

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint.


Dated: April 30, 2021                    Respectfully submitted,

                                         RAJ PAREKH
                                         ACTING UNITED STATES ATTORNEY

                                    By:  /s/_____
                                         Jonathan T. Lucier
                                         VSB No. 81303
                                         Attorney for the Federal Defendants
                                         Office of the United States Attorney
                                         919 East Main Street, Suite 1900
                                         Richmond, Virginia 23219
                                         Telephone: (804) 819-5400
                                         Facsimile: (804) 771-2316
                                         Email: jonathan.lucier@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 30, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and served the plaintiff, who is a non-ECF user, with plaintiff's agreement by email as follows.

Erik B. Cherdak, pro se
Email: ebcherdak@gmail.com


/s/
Jonathan T. Lucier
VSB No. 81303
Attorney for the Federal Defendants
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-5400
Facsimile: (804) 771-2316
Email: jonathan.lucier@usdoj.gov

14